**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1551**

---

KAREN JOHANA ORELLANA-ALVARADO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  April 24, 2026                                    Decided:  June 8, 2026

---

Before QUATTLEBAUM, BENJAMIN, and BERNER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:**  Alaina Taylor, Megan Herndon, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Bernard A. Joseph, Karen L. Melnik, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karen Johana Orellana-Alvarado, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We will affirm the agency's determination regarding an applicant's eligibility for asylum and withholding of removal if it is supported by substantial evidence on the record considered as a whole. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues, however, are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691–92 (4th Cir. 2008).

Here, the Board agreed with the IJ that Orellana-Alvarado failed to show that the Honduran government was unable or unwilling to protect her from her former partner. "When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (citation modified). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (citation modified). There is "not a per se requirement that an applicant [must] have reported [ ] past persecution to police" if the applicant

2

demonstrates that seeking such assistance would have been futile or subjected her to further abuse. *Marquez v. Bondi*, 160 F.4th 418, 428 (4th Cir. 2025).

Orellana-Alvarado claimed in her petition and in her testimony that she did not seek police protection because the Honduran police only help wealthy people.[1] Upon review of the record, considered in conjunction with the relevant authorities and the issues raised in this court, we conclude that substantial evidence supports the agency's ruling that Orellana-Alvarado failed to establish that the Honduran government was unable or unwilling to protect her from the private-actor persecutor. We do not address Orellana-Alvarado's nexus argument because her failure to show that the government was unable or unwilling to protect her was dispositive of her applications for asylum and withholding of removal. *See Molina-Diaz v. Bondi*, 128 F.4th 568, 579 (4th Cir. 2025).[2]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[1] Orellana-Alvarado did not assert that she did not file a police report or seek police protection because she feared her ex-partner would retaliate against her in either her application nor in her testimony. We therefore find that substantial evidence supported the Board's determination that Orellana-Alvarado failed to establish that the Honduran government is unable or unwilling to protect her on the basis of her financial status.

[2] The IJ also denied Orellana-Alvarado's application for protection under the CAT, and the Board ruled that Orellana-Alvarado waived review of that denial by failing to challenge it on appeal. As Orellana-Alvardo's opening brief does not contest the Board's waiver ruling, we hold that Orellana-Alvarado has forfeited our review of the denial of her application for CAT protection. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).